UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POTOMAC RIVERKEEPER, INC., and NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>        Defendant. | No. 8:23-cv-1650<br><br>**JOINT MOTION FOR ENTRY OF CONSENT DECREE** |

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Defendant, the United States Department of the Navy ("Navy"), and Plaintiffs, Potomac Riverkeeper, Inc., and Natural Resources Defense Council, Inc. (collectively, "Plaintiffs"), jointly move the Court to approve and enter the proposed Consent Decree filed with this motion. The parties have executed the proposed Consent Decree. In support of this Motion, the parties state as follows:

1. On June 21, 2023, Plaintiffs filed a Complaint in this case alleging that the Navy has violated the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), by discharging munitions into the Potomac River from Naval Surface Warfare Center ("NSWC") Dahlgren Division in Dahlgren, Virginia, without a National Pollutant Discharge Elimination System ("NPDES") permit required pursuant to CWA Section 402, 33 U.S.C. § 1342, and without a Presidential exemption from the NPDES permitting requirement under 33 U.S.C. § 1323(a). *See* ECF No. 1.

2. In the Complaint, Plaintiffs seek, *inter alia*, an injunction ordering the Navy to apply to the Maryland Department of the Environment ("MDE") for an NPDES permit.

3. The United States Environmental Protection Agency has delegated authority to issue NPDES permits in Maryland to MDE—a program that MDE administers pursuant to Maryland Code, Environment Article, Title 9 and the Code of Maryland Regulations Sections 26.08.04.01 *et seq.*

4. The Navy operates the NSWC Dahlgren Division where it conducts warfare systems research, development, testing, and evaluation activities, including within an area designated as the Potomac River Test Range ("PRTR"). These activities are ongoing.

5. On November 21, 2023, at the Navy's request, the Court extended the time for Navy to answer or otherwise respond to the Complaint to January 11, 2024, while the parties engaged in settlement negotiations.

6. As a result of their negotiations, the parties have reached a resolution, which is embodied in the proposed Consent Decree filed with this motion.

7. As described in the proposed Consent Decree, the Navy has agreed to request from MDE a NPDES permit for discharges of pollutants into the Potomac River from NSWC Dahlgren Division within 30 days of this Court's entry of the proposed Consent Decree, which was agreed to and signed by the Navy and Plaintiffs. *See* Proposed Consent Decree ¶ 1.

8. The parties request that the Court retain jurisdiction over this matter until MDE issues a final discharge permit determination, as described in the Code of Maryland Regulations Section 26.08.04.01-3, *see* Proposed Consent Decree ¶ 3, with the exception that the Court retain jurisdiction thereafter only to terminate the Consent Decree as described in Paragraph 4 of the proposed Consent Decree.

9.      A district court should approve a consent decree if the agreement "is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (internal quotations omitted).

10.     The Court should approve and enter the proposed Consent Decree because the Decree is fair, adequate, reasonable, and in the public interest. The proposed Consent Decree was reached as the result of extensive negotiations carried out in good faith among well-informed representatives of Plaintiffs and the Navy.

11.     Entry of the proposed Consent Decree will forego the need for further litigation regarding the claims alleged in the Complaint, thereby saving significant time and resources both for the parties and the Court.

WHEREFORE, the parties respectfully request that the Court sign the proposed Consent Decree and enter it as an order of the Court.

                         Respectfully submitted,

                         *For the United States Department of the Navy*

                         TODD KIM
                         Assistant Attorney General

Dated: 1/8/2024          /s/*Laura J. Brown*
                         Laura J. Brown (PA Bar No. 208171)
                         Albert Lin (CA Bar No. 338253)
                         United States Department of Justice
                         Environment and Natural Resources Division
                         Environmental Defense Section
                         P.O. Box 7611
                         Washington D.C. 20044-7611
                         202-514-3376 (Telephone)
                         202-514-8865 (Fax)
                         laura.j.s.brown@usdoj.gov

*For Plaintiffs*

/s/*Peter J. DeMarco*
Peter J. DeMarco (D. Md. Bar No. 19639)
Natural Resources Defense Council
1152 15th Street, NW Suite 300
Washington, DC 20005
(202) 513-6267
pdemarco@nrdc.org
(signed by Laura J. Brown with permission from Peter J. DeMarco)

/s/*Robert G. Dreher*
Robert G. Dreher
Potomac Riverkeeper Network
3070 M Street, NW
Washington, DC 20007
(202) 888-2037
bob@prknetwork.org
(signed by Laura J. Brown with permission from Robert G. Dreher)

## Certificate of Service

I HEREBY CERTIFY that on January 8, 2024, I filed the foregoing Joint Motion for Entry of Consent Decree with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel for Plaintiffs:

/s/*Laura J. Brown*