UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POTOMAC RIVERKEEPER, INC., and NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>Defendant. | Civil Action No. 8:23-cv-1650 |

## CONSENT DECREE

This Consent Decree is made by and between Potomac Riverkeeper, Inc., and Natural Resources Defense Council, Inc. (collectively, "Plaintiffs"), and the United States Department of the Navy ("Navy"). Plaintiffs and the Navy are collectively referred to as the Parties.

WHEREAS, the Navy operates the Naval Surface Warfare Center (NSWC) Dahlgren Division, in Dahlgren, Virginia, where it conducts warfare systems research, development, testing, and evaluation activities, including within an area designated as the Potomac River Test Range ("PRTR");

WHEREAS, on June 21, 2023, Plaintiffs filed a Complaint in this case alleging that the Navy has violated the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), by discharging munitions into the Potomac River from NSWC Dahlgren without a National Pollutant Discharge Elimination System ("NPDES") permit allegedly required pursuant to CWA Section 402, 33 U.S.C. § 1342, and without a Presidential exemption from the NPDES permitting requirement under 33 U.S.C. § 1323(a);

WHEREAS, the Navy's activities at NSWC Dahlgren include proof testing and safety testing of military munitions fired into the Potomac River from land-based instruments along the

western shore of the River and from vessels or drones on or above the River;

WHEREAS, these testing activities are ongoing;

WHEREAS, the Navy does not have a NPDES permit associated with these testing activities within the PRTR;

WHEREAS, the Navy has not received a Presidential exemption excusing it from any NPDES permitting requirements that may be applicable at NSWC Dahlgren;

WHEREAS, the United States Environmental Protection Agency has delegated authority to issue NPDES permits in Maryland to the Maryland Department of the Environment ("MDE")—a program that MDE administers pursuant to Maryland Code, Environment Article, Title 9 and the Code of Maryland Regulations Sections 26.08.04.01, *et seq.*;

WHEREAS, in the Complaint, Plaintiffs seek a declaration that the Navy is in violation of the CWA, an injunction ordering the Navy to apply to MDE for an NPDES permit, an award of reasonable attorney fees and costs, and other appropriate relief;

WHEREAS, Plaintiffs and the Navy have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties agree that this Consent Decree is intended to constitute a complete and final settlement of Plaintiffs' claim set forth in the Complaint;

WHEREAS, it is in the interest of the public, Plaintiffs, Defendant, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and Defendant agree that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a), and that venue is proper in the District of Maryland pursuant to 33 U.S.C. § 1365(c) and 28 U.S.C. § 1391(e); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CWA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant, it is hereby ordered, adjudged, and decreed that:

1. No later than 30 days after entry of this Consent Decree by the Court, Defendant shall request, in writing, from MDE a permit for discharges of pollutants into the Potomac River from NSWC Dahlgren pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, by submitting a permit application to MDE under Code of Maryland Regulations 26.08.04.01-1.

2. Defendant agrees to provide Plaintiffs a copy of all materials submitted to MDE in support of its permit request, except National Security Sensitive materials and information accorded confidential status under Code of Maryland Regulations 26.08.04.01.1-E(8). Defendant will provide such materials to Plaintiffs by email to the counsel identified in paragraph 14 below no later than 60 days after submission to MDE. Defendant also agrees to provide Plaintiffs with a written update regarding the status of its permit request 90 days after the submission described in Paragraph 1 and every 90 days thereafter until MDE issues a tentative determination, as described in the Code of Maryland Regulations Section 26.08.04.01-2.B. For purposes of this paragraph, the term National Security Sensitive is defined to mean materials containing classified information, controlled unclassified information (CUI) and/or defense critical infrastructure (DCRIT) information. CUI is information that requires safeguarding or dissemination controls pursuant to and consistent with applicable law, regulations, and government-wide policies but is not classified. DCRIT is information that, if disclosed, would reveal vulnerabilities in the Department of Defense (DoD) critical infrastructure and, if exploited, would likely result in the significant disruption, destruction, or damage of or to DoD operations, property, or facilities, including information regarding the securing and safeguarding of explosives, hazardous chemicals, or pipelines, related to critical infrastructure or protected systems owned or operated on behalf of the DoD, including vulnerability assessments prepared by or on behalf of the DoD, explosives safety information (including storage and handling), and other site-specific information on or relating to installation security.

3. This Court shall retain jurisdiction over this matter until MDE issues a final discharge permit determination, as described in the Code of Maryland Regulations Section 26.08.04.01-3, with the exception that the Court may retain jurisdiction thereafter only to

terminate the Consent Decree as described in Paragraph 4. Defendant shall make best efforts to secure a tentative permit determination from MDE within 24 months of entry of this Consent Decree by the Court.

4. After MDE issues a final discharge permit determination, and after the issue of costs of litigation (including reasonable attorney fees) is resolved, the Navy may move to have this Consent Decree terminated. Plaintiffs shall have 14 days in which to respond to such a motion, unless the Parties stipulate to a longer time for Plaintiffs to respond.

5. Any opposition to the Navy's motion to terminate, described in Paragraph 4, shall be limited to the Navy's non-conformance with this Consent Decree. Any challenge to MDE's permit decision shall be addressed in separate litigation and/or administrative proceeding against MDE.

6. The deadlines established by this Consent Decree in Paragraphs 1 and 2 may be extended: (a) by written stipulation of Plaintiffs and Defendant with notice to the Court; or (b) by the Court upon motion of Defendant for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by Defendant.

7. Plaintiffs hereby release, discharge, and covenant not to assert (by way of commencement or refiling of any action, the joinder of the Navy in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind in law or in equity against the Navy that Plaintiffs may have had or may now have that could have been asserted in this litigation or any other civil or administrative action by Plaintiffs based upon the facts existing at the time of this Consent Decree relating to alleged unlawful discharges of munitions or chemical or biological simulants by the Navy from NSWC Dahlgren into the Potomac River in alleged violation of the CWA. Plaintiffs further agree not to bring any new claim against the Navy regarding the discharge of munitions or chemical or biological simulants allegedly in violation of the CWA from NSWC Dahlgren into the Potomac River before 24 months after the entry of this Consent Decree, unless the Navy substantially increases or significantly changes the nature of its discharges into the Potomac River relative to current

operations. In addition, if MDE issues a tentative determination within 24 months after entry of this Consent Decree and Plaintiffs submit written or oral comments adverse to MDE's tentative determination pursuant to Maryland Code of Regulations 26.08.04.01-3, Plaintiffs agree not to bring any new claim under the CWA against the Navy regarding the discharge of munitions or chemical or biological simulants from NSWC Dahlgren into the Potomac River until after MDE issues a final determination, unless the Navy substantially increases or significantly changes the nature of its discharges into the Potomac River relative to current operations. In any event, Plaintiffs shall not bring any new claim under the CWA against the Navy regarding the discharge of munitions or chemical or biological simulants from NSWC Dahlgren into the Potomac before serving a new notice of intent to file such claim in accordance with the requirements of the CWA or any other statute that forms the basis for such claim.

8. Plaintiffs reserve the right to submit comments to MDE regarding the Navy's application for an NPDES permit, and to request and participate in an informational meeting, public hearing, and/or contested case hearing regarding that permit application as set forth in Maryland Code of Regulations 26.08.04.01-2 and 26.08.01-3. Plaintiffs reserve the right to assert a challenge to said permit, if issued, before any appropriate administrative body or court.

9. In the event of a dispute between Plaintiffs and Defendant concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party or Parties shall provide the other Party or Parties with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer in an attempt to resolve the dispute. If the Parties are unable to resolve the dispute within 10 business days after receipt of the notice, any Party may petition the Court to resolve the dispute.

10. No motion seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in paragraph 9 has been followed, and the non-moving party has been provided with written notice at least 10 business days before the filing of such motion.

11. The deadline for Plaintiffs to file a motion for costs of litigation (including

5

reasonable attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including reasonable attorney fees) and, if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable attorney fees) or a stipulation or motion to extend the deadline to file such a motion. Defendant reserves the right to oppose any such request.

12. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds.

13. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and Defendant. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

14. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiff Potomac Riverkeeper, Inc.:

>Robert G. Dreher
>Potomac Riverkeeper Network
>3070 M Street, NW
>Washington, DC 20007
>(202) 888-2037
>bob@prknetwork.org

<div style="margin-left: 2em;">

For Plaintiff Natural Resources Defense Council, Inc.:

                        Peter J. DeMarco
                        Natural Resources Defense Council
                        1152 15th Street NW, Suite 300
                        Washington, DC 20005
                        (202) 513-6267
                        pdemarco@nrdc.org

</div>

For Defendant:              Laura J. Brown
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              Environmental Defense Section
                              150 M St. NE
                              Washington D.C. 20002
                              Tel. (202) 514-3376
                              Email: laura.j.s.brown@usdoj.gov

                              Lynn A. Long
                              Naval Litigation Office (Environmental)
                              Office of General Counsel
                              U.S. Department of the Navy
                              Washington Navy Yard, D.C.
                              Office: 202-685-6973
                              Email: lynn.a.long.civ@us.navy.mil

15.    Defendant and Plaintiffs recognize and acknowledge that the obligations imposed upon Defendant under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States or the Navy obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

16.    The Parties recognize that the possibility exists that circumstances outside the reasonable control of the Navy could delay compliance with the requirements in this Consent Decree, including, but not limited to, a lapse in appropriations. Should a delay occur due to circumstances outside the reasonable control of the Navy, to the extent practicable, the Navy will provide Plaintiffs 30-days advance written notice of the basis for the circumstances and estimated delay, notice of the steps that will be taken to accomplish the obligation, and notice of

the projected time that will be required to resolve the delay. Any resulting failure to meet the requirements set forth in this Consent Decree that is beyond the reasonable control of the Navy and that is agreed to by Plaintiffs in writing shall not constitute a failure to comply with the terms of this Consent Decree. Notwithstanding whether advance notice has been provided by the Navy, if the Parties dispute whether the failure to comply with the requirements in this Consent Decree were due to circumstances outside the reasonable control of the Navy, they will submit the matter to the Court for resolution.

17. Except as expressly provided herein, nothing in this Consent Decree shall be construed to limit or modify the discretion accorded the United States by any laws, including the CWA, or any other environmental statutes, or any principles of administrative law.

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the Parties.

19. The undersigned representatives of Plaintiffs and Defendant certify that they are fully authorized by the Party or Parties they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this 10th day of January, 2024.

_____
DEBORAH K. CHASANOW
U.S. DISTRICT COURT JUDGE

ON BEHALF OF DEFENDANT THE UNITED STATES DEPARTMENT OF THE NAVY

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

/s/ Laura J. Brown                                           1/3/2024
Laura J. Brown                                               Date
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
150 M St. NE
Washington D.C. 20002
Tel. (202) 514-3376
Email: laura.j.s.brown@usdoj.gov

ON BEHALF OF PLAINTIFF NATURAL RESOURCES DEFENSE COUNCIL, INC.

_____  
Peter J. DeMarco (D. Md. Bar No. 19639)  
Natural Resources Defense Council  
1152 15th Street, NW Suite 300  
Washington, DC 20005  
(202) 513-6267  
pdemarco@nrdc.org

1/4/2023  
Date

ON BEHALF OF PLAINTIFF POTOMAC RIVERKEEPER, INC.

_____  
Robert G. Dreher  
Potomac Riverkeeper Network  
3070 M Street, NW  
Washington, DC 20007  
(202) 888-2037  
bob@prknetwork.org

01/04/23  
Date